UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60106-CIV-ALTMAN/Hunt

**MARCIA DEL CARMEN MOREIRA GARCIA,**
and all others similarly situated
under 29 U.S.C. 216(b),

      Plaintiffs,

v.

**MURCIA GROUP, INC.,** d/b/a
**DON ARTURO RESTAURANT & BAR,**
and **ALFREDO MURCIA**
      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Plaintiff's Motion for Leave to Amend her Complaint (the "Motion") [ECF No. 38], filed on May 22, 2019. On June 5, 2019, the Defendant filed a Response in Opposition [ECF No. 40].

In her Motion, the Plaintiff seeks leave to amend her complaint to add a new party. *See generally*, Mot. But the Court's deadline to amend pleadings was April 16, 2019. *See* Mar. 19, 2019 Scheduling Order [ECF No. 20]. Because the Plaintiff's request would require the Court to amend its scheduling order, she must provide "good cause" and obtain "the judge's consent." *See* Fed. R. Civ. P. 16.

The Plaintiff has failed to provide good cause. In support of her Motion—which was filed more than a month after the Court's deadline had passed—the Plaintiff relies on what appears to be a wholly unrelated discovery dispute. *See* Mot. ¶¶ 7-23. While the Plaintiff does state that "[r]ecent evidence has shown that there was another corporation . . . acting as a joint enterprise,"

*see id.* ¶ 24, she makes no effort to explain what that evidence is—let alone why it is relevant here.

Moreover, the Plaintiff's own allegations regarding this "new" restaurant-corporation belie the notion that its identity was not previously discoverable. In fact, those allegations make clear that the new corporation was closely involved with the current defendant-corporation in a number of salient ways. To list but a few examples, the Plaintiff admits that the current individual defendant, Alfredo Murcia, "ran the day-to-day operations at both restaurants," *id* ¶ 25, and that the two restaurants "had related activities as they shared employe[e]s and shared an owner, and performed through a unified operation and/or common control," *id.* ¶ 27. If this is true, the Plaintiff's failure to join the restaurant-corporation earlier is all the more inexcusable. Accordingly, the Court hereby

**ORDERS and ADJUDGES** that the Plaintiff's Motion [ECF No. 38] is **DENIED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of June, 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record